RAMON CACICEDO, Appellant, *v.* HOWARD W. McATEER, Respondent.

First Department, April 8, 1927.

**Fraud and deceit — action based on fraudulent representations by defendant inducing plaintiff to purchase corporate stock — prima facie case established — evidence — schedules in bankruptcy of corporation and letters of defendant's agent admissible.**

In an action based on fraudulent representations by the defendant, inducing the plaintiff to purchase corporate stock, a *prima jacie* case was established, since it appears that while the defendant represented to the plaintiff that the net worth of the corporation was more than $500,000, and that it was in good financial condition and doing a tremendous business, said corporation, a little more than two months thereafter, was adjudged insolvent.

The schedules in bankruptcy, which indicated the corporation's condition within a few months after the representations were made, were admissible as circumstantial evidence.

Letters of defendant's agent, who had authority to speak for the defendant, were admissible as showing the falsity of the representations to the knowledge of said agent.

APPEAL by the plaintiff, Ramon Cacicedo, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 31st day of December, 1925, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 23d day of December, 1925, denying plaintiff's motion for a new trial made upon the minutes.

*Ralph G. Barclay* of counsel [*Harold L. Godwin*, attorney], for the appellant.

*Leslie J. Tompkins* of counsel [*Francis C. Dale*, attorney], for the respondent.

McAVOY, J. The complaint in this action was dismissed at the trial upon the ground that the representations alleged to have been made fraudulently to induce the plaintiff to invest in certain stock of a corporation were merely promissory in nature and not related to any existing fact.

The representations which plaintiff claims were fraudulent and either made with knowledge of their falsity or recklessly made without any knowledge with respect to the condition of the company whose stock the plaintiff bought were that defendant had an interest in the company of $50,000; that he had called in the whole amount of the common stock; that the net worth of the Worthington Manufacturing Company, the concern whose stock defendant sold, was more than $500,000; that the company was in good financial condition, was financially sound; that it had been in business for some years and had done a tremendous business.

The plaintiff expressed these representations in somewhat inelegant language, he being a foreigner, but they are deducible from his testimony.

Thereafter defendant asked for and obtained from the plaintiff $26,400 for 264 shares of preferred stock. The defendant also gave 25 shares of common stock to the plaintiff at the same time. Thereafter defendant went to California and said he would be back in one or two months, and told plaintiff that while he was away anything he wanted " to take up with him " with reference to the stock he was " to take up with Hidalgo," who was an associate of the defendant and a friend of plaintiff.

A little more than two months after the defendant sold the stock to plaintiff with the representation that the corporation had a net worth of over $500,000 it was adjudged insolvent.

The defendant stated in explanation of the insolvency that after the sale, and for a short time thereafter, business was bad. He stated also in a letter written in July, 1921, the sale of stock having taken place in October, 1920, that the failure of the corporation was due to a lack of business and that the directors of the corporation had decided it was best for all concerned if the corporation went into bankruptcy. He further said that the business only brought $20,000 above the $100,000 mortgages and that the creditors received only thirty cents on the dollar.

Thereafter plaintiff came to New York and in a conversation with defendant, the latter admitted that he had told Hidalgo, plaintiff's friend, that he would return the money to plaintiff and he expressed his reason for returning the money as promised, because he was greatly mistaken about what he told the plaintiff about the value of the property of the Worthington Manufacturing Company. Plaintiff then asked him what its value was, and defendant asked the plaintiff if he had seen the bankruptcy schedules. Plaintiff said " No," and defendant said the company was worthless, but it would make no difference, as he wanted to return the money because he had made a big mistake when he told plaintiff about the prop-

erty. He said thereafter that he lacked the cash to pay plaintiff, but wanted to give him stock in a concern known as the Ata Merchandising Stock Corporation and plaintiff was offered the privilege of having his name on the door of that company's office. This proposition was refused, and at the time of trial this latter company was no longer in business.

On proof that these representations were false, in that they fraudulently represented the worth of the corporation and the value of the stock; that plaintiff either had knowledge or ought to have had knowledge of the falsity of the representations and that there was a resulting loss to the plaintiff due to the reliance of plaintiff upon the defendant's statement, we find that a *prima facie* cause was exhibited.

Since there must be a new trial of the issues it is proper that we pass upon certain rulings, which seem to us to be erroneous, made at the trial of this action.

The plaintiff offered in evidence the schedules in bankruptcy which were filed by the Worthington Manufacturing Corporation about three months after the alleged representations were made. The learned trial court refused to admit these in evidence, because it said that they did not show the condition of the company at the time of the sale of the stock, but the rule is that insolvency at a certain time may be made out or at least inferred by a showing of the condition of the business at a date somewhat later than, if not too remote from, the precise time in question.

The petition in bankruptcy was filed in January, 1921. In October, 1920, the defendant had stated that he had a $50,000 interest in the business; that there was a net worth of $500,000 of assets in the corporation and that it was doing a tremendous business. At the time of the filing of the schedules in bankruptcy the total assets of the company were only approximately $72,500. There was a first mortgage of $25,000, a second of $75,000 and $30,000 of open accounts.

The schedules in bankruptcy indicated the corporation's condition within a few months after these representations were made and were admissible as circumstantial evidence on the question of its insolvency at an earlier date if made competent by proof by some one familiar with the condition of the corporation at the time of their filing who could give proof of their accuracy in description of the company's worth.

We think, too, that the letters of Hidalgo which were offered in evidence and rejected and marked for identification in the case were admissible because of the statement by defendant when he left to go to California that anything he wanted "to take

up with him about this stock " he was " to take up with Hidalgo, because Hidalgo is the same as Mr. McAteer, himself " in this transaction. These letters were material as showing the falsity of the representations to the knowledge of defendant's agent, and were competent because they were written by an agent who was constituted with authority to speak for defendant.

We think the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.